UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:08-cr-129-TWP-TAB-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| RUBEN AUGER MARCHAND | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:08-cr-00129-TWP-TAB |
| | ) |
| RUBEN AUGER MARCHAND, | ) -01 |
| | ) |
| Defendant. | ) |

**ORDER**

Defendant Ruben Auger Marchand ("Auger Marchand") seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 29. For the reasons explained below, his motion is **denied**.

**I. Background**

In 2009, Auger Marchand pled guilty to one count of transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1). Dkts. 26, 27. The Court sentenced him to 210 months of imprisonment and imposed lifetime supervised release.

Auger Marchand filed his motion for compassionate release *pro se*. Dkt. 29. I his motion, he asserts that he is "a 72 years (sic) old federal inmate doing a 210 at Allenwood Low Security Correction Institution in Pennsylvania." (Dkt. 29.) He argues that he establishes extraordinary and compelling reasons for compassionate release because he is at risk of severe illness should he contract COVID-19 again due to his underlying medical conditions (hypertension, high cholesterol, brain stroke in 1999, respiratory allergies, hyperacidity, heartburn, prior COVID-19 infection) and advanced age (73 years old). Dkt. 29. Auger Marchand also appears to separately argue that these medical conditions alone are an extraordinary and compelling reason to grant release. He also argues that if sentenced today, he would likely receive a lower sentence. Finally, Auger Marchand argues

2

that he has substantially rehabilitated himself while in prison. The Court concludes that it can resolve the motion without a response from the United States.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Auger Marchand's first reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions and age—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Auger Marchand is fully vaccinated, dkt. 29 at 1, and he has presented no evidence that he is unable to receive or benefit from the vaccine. Additionally, he "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically,

3

he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022); *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). The BOP also reports that, as of March 30, 2023, no inmates or staff members at Auger Marchand's current facility (FCI Allenwood low) have active cases of COVID-19. https://www.bop.gov/coronavirus/ (last visited Mar. 30, 2023). For these reasons, the Court declines to exercise its discretion to find that Auger Marchand has carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533.

Auger Marchand also contends that he should be released because of his medical conditions (hypertension, high cholesterol, brain stroke in 1999, respiratory allergies, hyperacidity, heartburn, prior COVID-19 infection). These health conditions, however, are not an extraordinary and compelling reason to release Auger Marchand, whether considered alone or together with any other reason. He does not argue that he is unable to engage in self-care in the prison or that he is otherwise incapacitated due to these conditions. In fact, in his motion, Auger Marchand identifies employment he has secured if he is released and provides a lengthy list of all that he done, and is currently doing, in prison. Dkts. 29 at 2, 4-5; 29-2. Based on these facts, the Court declines to exercise its discretion to find that Auger Marchand's medical conditions constitute an extraordinary and compelling reason for compassionate release. To the extent Auger Marchand is not receiving what he believes to be proper treatment for his medical conditions, such allegations might form the basis for relief in a civil suit filed in his district of incarceration, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir.

June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up).

Auger Marchand also argues that he might receive a lower sentence if sentenced today because "errors" were committed at his original sentencing, which is an extraordinary and compelling reason to grant release. Dkt. 29-1 at 1. However, such a claim is without merit. Rather than "circumvent the normal process for challenging potential sentencing errors," a defendant must raise any challenge to his original sentence in a direct appeal or collaterally through 28 U.S.C. § 2255, not by way of a compassionate-release motion. *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021); *United States v. King*, 40 F.4th 594, 596 (7th Cir. 2022); *see also United States v. Sanford*, No. 22-2416, 2022 WL 17176481, at *1 (7th Cir. Nov. 23, 2022).

That leaves Auger Marchand with one potentially extraordinary and compelling reason for a sentence reduction—his rehabilitation. While the strides he has made in prison are admirable, rehabilitation alone cannot be an extraordinary and compelling reason to reduce his sentence. *See United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme… rehabilitation cannot serve as a stand-alone reason for compassionate release") (cleaned up); *see also* 28 U.S.C. § 994(t). The Court does not find that Auger Marchand's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling reason to grant him compassionate release.

In sum, the Court does not find that any of the arguments made by Auger Marchand establish extraordinary and compelling reasons to release him, whether considered alone or in conjunction with any other reason. Given this determination, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

5

### III. Conclusion

For the reasons stated above, Auger Marchand's motion for compassionate release, dkt. [29], is **denied**.

**IT IS SO ORDERED.**

Date:  3/31/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana


Distribution:

All Electronically Registered Counsel

Ruben Auger Marchand
Reg. No. 09060-028
FCI Allenwood Low
Federal Correctional Institution
P.O. Box 1000
White Deer, PA 17887